T.C. Memo. 2007-64

UNITED STATES TAX COURT

ROBERT J. GUADAGNO, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8019-06L.                    Filed March 20, 2007.

Robert J. Guadagno, pro se.

Donald A. Glasel, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

_____

[1]Although the Court ordered petitioner to file a response to
respondent's motion, he failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Massapequa, New York, at the time he filed the petition in this case.

On June 10, 2002, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable years 1995 and 1998, which he received.  In that notice, respondent determined deficiencies in, and additions to, petitioner's Federal income tax (tax) for each of his taxable years 1995 and 1998, as follows:

|  |  | Additions to Tax | | |
|  |  | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1)[2] | 6651(a)(2) | 6654 |
| 1995 | $13,063 | $2,939 | $3,266 | $708 |
| 1998 | 23,239 | 5,229 | 3,602 | 1,063 |

On August 22, 2002, petitioner submitted a document to the Court with respect to the notice relating to his taxable years 1995 and 1998 that the Court had filed as a petition and that commenced the case at docket No. 14560-02.  On September 16, 2002, the Court issued an Order in that case (September 16, 2002 Order in the case at docket No. 14560-02) ordering petitioner to file a proper amended petition in the form enclosed with that

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Order and to pay the filing fee of $60 on or before November 15, 2002. The September 16, 2002 Order in the case at docket No. 14560-02 further provided that if an amended petition and the filing fee were not received on or before November 15, 2002, the Court would dismiss the case at docket No. 14560-02 or take such other action as the Court deemed appropriate. Petitioner did not file a response to the Court's September 16, 2002 Order in the case at docket No. 14560-02. As a result, on March 4, 2003, the Court entered an order of dismissal for lack of jurisdiction in that case.

On September 20, 2004, respondent assessed petitioner's tax and the additions to tax determined in the notice relating to petitioner's taxable years 1995 and 1998, as well as interest as provided for law, for each of those years. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after September 20, 2004, as petitioner's unpaid liabilities for 1995 and 1998.)

Respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to his unpaid liabilities for 1995 and 1998.

On October 31, 2005, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable years 1995 and 1998. On or about November 30, 2005, in response to the

notice of intent to levy, petitioner timely filed Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).[3]

On March 15, 2006, a settlement officer with the Appeals Office (settlement officer) held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. At that hearing, petitioner indicated that he was not liable for petitioner's unpaid liabilities for 1995 and 1998.

On April 5, 2006, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part: "Collection is sustained. No collection alternatives were offered for consideration by Appeals." An attachment to the notice of determination stated in pertinent part:

SUMMARY

\*     \*     \*     \*     \*     \*     \*

The liabilities arose from your failure to file returns for 1995 and 1998. You were sent a Statutory Notice of Deficiency. You had a prior opportunity to appear at an Appeal's conference and an opportunity to petition the US Tax Court. Therefore, the underlying liability issue is precluded from this determination under Treas. Reg. 301.7122 and IRC §6330.

---

[3]Petitioner apparently attached a document to petitioner's Form 12153 that is not part of the record in this case.

BRIEF BACKGROUND

On February 7, 2006, Settlement Officer Elissa Dellosso sent you a letter giving you an opportunity for a telephonic hearing for March 9, 2006. You were advised in that letter that the underlying liability issue that was raised in your CDP request was precluded from this hearing, but that she would consider other collection alternatives. Ms. Dellosso sent you a Collection Information Statement to prepare and send back to her by February 21, 2006. She did not receive it. On March 6, 2006 you requested a postponement and a face to face hearing, which was granted. On March 15, 2006 you appeared in her office and she conducted a face-to-face hearing with you. You did not submit the Collection Information Statement and stated you wanted another postponement because you had just hired a firm to represent you. This request was denied because you had sufficient time to obtain representation prior to the original scheduled hearing date.

## 1. Verification - Legal and Procedural Requirements

### a. General Verification Requirements

The assessment was properly made per IRC § 6201 for the 12/31/1995 and 12/31/1998 tax periods. A statutory notice of deficiency was mailed to you via Certified Mail on June 10, 2002. The administrative file shows that on August 22, 2002 the US Tax Court ordered you to perfect the petition and pay the fee by 11/15/2002. You did not do so and the Court dismissed your case.

The notice and demand for payment letter was mailed to your current address, within 60 days of the assessment, as required by IRC § 6303.

There was a balance due when the CDP levy notice was requested.

Ms. Dellosso verified the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

There was no pending bankruptcy at the time the notices were issued.

Ms. Dellosso had no prior involvement with you concerning the applicable tax periods before this CDP case.

The CDP notice was sent by certified mail return receipt requested to your last known address.

Ms. Dellosso verified all laws and administrative procedures were met through review of computer transcripts and actions documented in the administrative file.

**Verification of "Validity of Assessment"**

The assessment for your U.S. Individual Income Tax return for the tax periods ended 12/31/95 and 12/31/1998 are valid. This assessments were made after you failed to file a valid petition with the US Tax Court. The deficiency notice was issued on June 10, 2002. Your subsequent attempt to petition the court is sufficient proof that you received the Statutory Notice.

**2. Issues and/or Collection Alternatives Raised by the Taxpayer**

You raised the issue of the underlying tax liability, which is precluded from this hearing. You did not raise any additional issues or collection alternatives.

**<u>Collection Action Be No More Intrusive Than Necessary</u>**

IRC § 6330 requires that the Appeals Office consider whether a proposed collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.

You did not offer a collection alternative that Appeals could accept as an alternative to the Notice of Levy that was issued to your employer. Therefore, our determination is that the levy is sustained. This balances the government's need for the efficient collection of tax with your concern that collection be no more intrusive than necessary. [Reproduced literally.]

In the petition commencing the instant case, petitioner alleged that he believes that he owes only "$1383 (plus penalties

and interest] [sic] on * * * 1995 & 1998 taxes, less the $3449
* * * already paid and not the $82,874.19 the I.R.S. claims".

## Discussion

The Court may grant summary judgment where there is no
genuine issue of material fact and the decision may be rendered
as a matter of law. Rule 121(b); Sundstrand Corp. v. Commis-
sioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir.
1994). We conclude that there are no genuine issues of material
fact regarding the questions raised in respondent's motion.

Petitioner received from respondent a notice of deficiency
with respect to his taxable years 1995 and 1998. Petitioner
submitted a document with respect to that notice that the Court
had filed as a petition and that commenced the case at docket No.
14560-02. However, petitioner failed to respond to the Court's
September 16, 2002 Order in the case at docket No. 14560-02, in
which the Court directed petitioner to file a proper amended
petition and to pay a filing fee on or before November 15, 2002.
As a result, on March 4, 2003, the Court entered an order of
dismissal for lack of jurisdiction in that case. We conclude
that petitioner may not dispute the respective underlying tax
liabilities for his taxable years for 1995 and 1998.

Where, as is the case here, the validity of the underlying
tax liability is not properly placed at issue, the Court will
review the determination of the Commissioner of Internal Revenue

for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable years 1995 and 1998.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motion and decision</u>
<u>will be entered for respondent</u>.